## DILLARD v. FIRST NAT. BANK OF SEMINOLE, TEX.

### No. 2582.

Court of Civil Appeals of Texas. El Paso.

Oct. 15, 1931.

W. P. Walker, of Crosbyton, for appellant.

Carl Rountree, of Lamesa, for appellee.

PELPHREY, C. J.

This is an appeal from an order overruling a plea of privilege filed by appellant in the county court of Gaines county, Tex.

The facts, as testified to by the only witness introduced on the hearing, are: That appellant, a merchant at Hobbs at the time of the transaction in question, brought six checks totaling $410.92 to appellee bank in May, 1930; that he had made out a deposit slip showing the six checks amounting to $410.92; that Mr. Curry, for the bank, made out another deposit slip showing the six checks, less a cash payment to appellant thereon of $210.92, and less $2 for exchange on the checks; that this deposit slip showed a credit to appellant's account of $198; that through inadvertence the deposit slip for $410.92 brought in by appellant was credited to his account on the books of the bank; and that later the full amount was drawn out by appellant on checks given by him.

Appellee attempts to maintain the venue of its suit in Gaines county by virtue of sections 5 and 7 of article 1995, Revised Statutes, and contends that the drawing of checks by appellant on appellee was a fraudulent representation that he had the money there when he did not, and constituted actionable fraud in Gaines county, and that the drawing of the checks constituted a contract performable in Gaines county. Neither of these contentions are, in our opinion, tenable. The evidence shows that appellee cashed appellant's checks, not because of the drawing of the checks by him, but because his account had erroneously been credited with more than it should have been; therefore, no actionable fraud is shown.

The giving of the checks might constitute a contract performable in Gaines county between appellant and other persons to whom given, but we fail to see how appellee can claim that a written order on it to pay money belonging to appellant, which it did not have in its possession, could constitute a contract between it and appellant.

The judgment will be reversed, and it is the order of this court that the venue of this case be changed to Crosby county, Tex., and the county clerk of Gaines county is hereby directed to make up a transcript of all orders made in said cause, and certify officially to same under the seal of the county court of Gaines county, and transmit the same with the original papers in the cause and the mandate of this court to the county court of Crosby county, Tex.